[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14049

Non-Argument Calendar

_____

CHAD HAGGARD,

Plaintiff-Appellant,

*versus*

TONY DORSETT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00030-SGC

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Chad Duane Haggard appeals the grant of summary judgment in his 42 U.S.C. § 1983 action for false arrest. Haggard asserts that the magistrate judge—who was presiding by the parties' consent—erred by concluding that the defendant police officer, Tony Dorsett, was entitled to qualified immunity on the ground that he had arguable probable cause to arrest Haggard for possession of marijuana. After careful review, we affirm.[1]

The existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest. *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). "Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." *Id.* Probable cause does not require "an actual showing" of criminal activity, but "only a probability or substantial

---

[1] We review the grant of a summary judgment motion *de novo*. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, presents no genuine dispute of any material fact and compels judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

chance" of such activity. *Paez v. Mulvey*, 915 F.3d 1276, 1286 (11th Cir. 2019). Furthermore, it "does not require anything close to conclusive proof or proof beyond a reasonable doubt . . . , or even a finding made by a preponderance of the evidence." *Id.*

An officer is entitled to qualified immunity for making an arrest if, based on the totality of the circumstances, the officer had arguable probable cause to effectuate the arrest. *Davis v. Williams*, 451 F.3d 759, 762–63 (11th Cir. 2006). Arguable probable cause is a lower standard than actual probable cause, and requires only that "under all of the facts and circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present." *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004).

In Alabama, it is a Class A misdemeanor to possess marijuana for personal use, and a felony to possess marijuana for other purposes, or after a prior possession conviction. *See* Ala. Code §§ 13A-12-213, 13A-12-214. Possession may be actual or constructive. *Brooks v. State*, 321 So. 3d 1283, 1286 (Ala. Crim. App. 2020). Actual possession requires that the substance was located on the person of the accused. *Id.*

To establish constructive possession, the state must prove "that the accused had dominion and control of the illegal substance itself or of the premises on which the substance was found," as well as "knowledge of the presence of the" substance. *T.L.S. v. State*, 153 So. 3d 829, 837 (Ala. Crim. App. 2013). When the accused is not in exclusive possession of the premises, the state can prove the

accused's knowledge of the controlled substance by providing evidence that connects the accused to the contraband.  *Id.*

Here, the magistrate judge did not err by determining that Officer Dorsett was protected by qualified immunity because he had at least arguable probable cause to support Haggard's arrest.

Officer Dorsett found the marijuana in the living room with Haggard and several others, and although the marijuana was not in the open, the case in which it was found was.  Haggard was in the same room as the cigarette case containing the marijuana, and although he was not the closest person in the room to the case, he was, as the magistrate judge noted, "a matter of steps" from it. *Maryland v. Pringle*, 540 U.S. 366, 371–72 (2003).  Even though Officer Dorsett was told that Haggard did not live at the house, everyone in the house was family and mostly contained within the same room of a private home, making it more likely that a common enterprise existed between Haggard and the others than if they were merely acquaintances or were located in a public space. *See id.* at 373.  Furthermore, when Officer Dorsett asked who possessed the marijuana, no one admitted to ownership.  The marijuana was also found at a social gathering, making it somewhat more likely that the marijuana was being shared or smoked communally. Lastly, the case was small and portable, adding to the likelihood that a visitor, such as Haggard, would be in possession of it.

Based on these facts, we conclude that the magistrate judge did not err by determining that Officer Dorsett was protected by qualified immunity because he had at least arguable probable cause

to support Haggard's arrest based on the circumstances suggesting that Haggard had constructive possession of the marijuana. *Brown*, 608 F.3d at 734; *Davis*, 451 F.3d at 762–63; *Crosby*, 394 F.3d at 1332. Accordingly, we affirm.

**AFFIRMED.**